```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF ALABAMA
                       NORTHERN DIVISION
```

HERBERT CORNELL,                    :

    Plaintiff,                     :

vs.                                 :      CIVIL ACTION 04-0599-CG-M

THOMAS AP R JONES, et al.,          :

    Defendants.                    :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.  Nature of Proceedings.

Plaintiff filed a section 1983 complaint naming as the sole Defendant Thomas A P R Jones, identified by Plaintiff as the Circuit Judge of Dallas County.[1]  (Doc. 7, Complaint).  In

---

[1] Plaintiff originally filed a complaint on July 20, 2004, in the United States District Court for the Middle District of Alabama. (Doc. 1). In this original complaint, Plaintiff named Thomas A P R Jones, Stephen Bullard, and Ms. Wilson as Defendants. (*Id.*).  However, the action was subsequently

this action, Plaintiff appears to claim that his constitutional rights were violated in 1998, when he and his trial counsel were unaware of Plaintiff's prior felony convictions, and thus unaware that Plaintiff would be sentenced "under the Habitual Offender Law."  (Doc. 7 at 5). Plaintiff implies that he would have entered a guilty plea to the charge of first degree rape, as opposed to proceeding to trial on that charge, if he had been aware of his prior felony convictions in the state of Georgia.  (*Id.*).  Plaintiff further claims that his rights were violated because his conviction of first degree rape was obtained through the use of hearsay and false evidence.  (*Id.*).  For relief, Plaintiff seeks monetary damages in the amount of five hundred thousand dollars, along with an additional amount of one million dollars for mental anguish.  (*Id.* at 7).  Plaintiff also requests that this Court reverse Plaintiff's conviction and

---

transferred to this Court on the basis that Plaintiff is incarcerated at William E. Donaldson Correctional Facility which is within the jurisdiction of this Court.  (Docs. 3, 4, and 5).  Upon receipt of Plaintiff's action, this Court ordered Plaintiff to file his section 1983 complaint on this Court's forms, along with a Motion to Proceed without Prepayment of Fees.  (Doc. 6).  Plaintiff filed his new complaint, which by this Court's Order supersedes the previous complaint, on October 12, 2004.  (Doc. 7).  Although in his previous complaint, Plaintiff named two additional defendants, the Court notes that Plaintiff has named only Defendant Jones in this current, superseding complaint.  (Doc. 7).

send the case back to state court for Plaintiff to receive a new trial. (*Id.*).

II.  <u>Standards of Review Under 28 U.S.C. § 1915(e)(2)(B)</u>.

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).[2]  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S. Ct. at 1833, the claim seeks to enforce a right which clearly does not exist, *id.*, or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).

---

[2]The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989), was unaltered.  *See Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.) , *cert. denied,* 534 U.S. 1044, 122 S. Ct. 624, 151 L. Ed. 2d 545 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  *Bilal,* 251 F.3d at 1348-49.

III.  <u>Discussion</u>.

Plaintiff claims that he, along with his trial counsel were unaware of Plaintiff's own prior felony convictions, and that this lack of knowledge in part contributed to their decision to proceed to trial rather than enter into a plea agreement regarding Plaintiff's charge of first degree rape. (Doc. 7 at 5).  Further, Plaintiff claims that his conviction was obtained through the use of hearsay and false evidence. (*Id.*).  The conviction which Plaintiff references is that of life without the possibility of parole as the result of Plaintiff entering a guilty plea on March 18, 1998, to the charge of first degree rape.  Notably, Plaintiff has indicated that this conviction has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of the writ of habeas corpus. (*Id.*).

As Plaintiff is seeking compensatory and punitive damages, it appears that Plaintiff's claims in this action are precluded from review by the decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).  In *Heck*, a prisoner filed a § 1983 damages action against the prosecutors and investigator in his criminal case for their actions which resulted in his conviction.  The Supreme Court analogized the plaintiff's claim to a common-law cause of

4

action for malicious prosecution, which has as a required element that the accused prove the termination of the prior criminal proceeding in favor of the accused. 512 U.S. at 484, 114 S. Ct. at 2371. The Supreme Court opined:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it had always applied to actions for malicious prosecution (footnote omitted).
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any

5

>outstanding criminal judgment against the
>plaintiff, the action should be allowed to
>proceed (footnote omitted), in the absence
>of some other bar to the suit (footnote
>omitted).

*Id.* at 486-87, 114 S. Ct. at 2372-73.

This decision thus requires a plaintiff in a § 1983 action who is attempting "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," to make a showing that his conviction, sentence, or other criminal judgment was reversed, expunged, declared invalid by an appropriate state tribunal, or called into question in a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87, 114 S. Ct. at 2372. If a plaintiff fails to make this showing, then no cause of action under § 1983 exists. *Id.* at 489, 114 S. Ct. 2373. If, in a § 1983 action, a plaintiff contends that a favorable ruling on his claims would not invalidate his conviction, sentence, confinement, or other criminal judgment, the burden is on the plaintiff to prove this contention in order for his claims to proceed. *Id.* at 487, 114 S. Ct. at 2374.

In the present action, Plaintiff has not shown that his conviction or sentence has been reversed, expunged, declared invalid by an appropriate state tribunal, or called into

question by a federal court's issuance of a writ of habeas corpus.  Accordingly, any damages claims that would invalidate Plaintiff's convictions or sentences if the Court were to rule favorably upon them would be precluded by the *Heck* decision because Plaintiff has failed to establish that his convictions or sentences have been invalidated in a manner prescribed by *Heck*, *supra*.  As a result, Plaintiff's damages claims should be dismissed as frivolous.[3]

However, even if Plaintiff were to show that these claims are beyond the scope of *Heck* because they would not invalidate his conviction or sentence if the Court were to rule favorably upon them, these claims would nonetheless be barred by the two-year statute of limitations for § 1983 actions brought in Alabama.  As noted previously, Plaintiff claims that his constitutional rights were violated in March of 1998, when he was sentenced to life without the possibility of parole. (Doc. 7 at 7).  The Court finds that while Plaintiff knew

---

[3] Regarding Plaintiff's request that his case be sent "back" for a new trial, it has been held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks an immediate or speedier release..."  *Heck v. Humphrey*, 512 U.S. 477, 481, 114 S. Ct. 2364, 2369, 129 L. Ed. 2d 383 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).  Plaintiff has filed a section 1983 complaint, as opposed to a habeas corpus, and is thus not entitled to his requested relief.

about his civil rights claim against Defendant in March of 1998, when Plaintiff alleges the violation occurred, he waited until July 20, 2004, to file this § 1983 action.[4] (Doc. 1).

The statute of limitations for a § 1983 action in Alabama is two years.  *Lufkin v. McCallum*, 956 F.2d 1104, 1106, 1108 (11th Cir.), *cert. denied*, 506 U.S. 917, 113 S. Ct. 326, 121 L. Ed. 2d 246 (1992); Ala. Code § 6-2-38(l).  The statute of limitations

> "'does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'"  *Calhoun v. Alabama Alcoholic Beverage Control Board*, 705 F.2d 422, 425 (11th Cir. 1983) (quoting *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 930 (5th Cir. 1975)).  Thus Section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured.  *Calhoun*, 705 F.2d at 424; *Rubin*, 621 F.2d at 116; *Lavellee*, 611 F.2d at 1131.  Nor will a Section 1983 action accrue until the plaintiff is aware or should have been aware who has inflicted the injury.  *Lavellee*, 611 F.2d at 1131 (quoting *United States v. Kubrick*, 444 U.S. 111, 100 S. Ct. 352, 62 L. Ed. 2d 259

---

[4]As noted previously, Plaintiff originally filed this action on July 20, 2004, in the United States District Court for the Middle District of Alabama, and the action was subsequently transferred to this Court.  (Docs. 1, 3, 4, and 5).  Plaintiff filed a new complaint as directed by this Court on October 12, 2004.  (Doc. 7).  The differences in the dates are not important, however, as both dates are considerably well beyond the time allowed for filing section 1983 claims.

(1979)).

*Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).

In the present action, Plaintiff knew of the facts supporting his claim in March 1998, when the alleged unconstitutional action occurred.  Notwithstanding, Plaintiff filed the present action on or about July 20, 2004, significantly more than two years from when his claim accrued against Defendant.  Moreover, Plaintiff's pleadings do not show a reason why the two-year statute of limitations should not be applied to bar his claims.  *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000) ("'Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'") (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)), *cert. denied*, 531 U.S. 971, 121 S. Ct. 410, 148 L. Ed. 2d 316 (2000); *Justice v. United States*, 6 F.3d 1474, 1479-80 (11th Cir. 1993) (citing *Irwin v. Department of Veterans' Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 45-58, 112 L. Ed. 2d 435 (1990)) (equitable tolling is an extraordinary remedy which is to be used sparingly and does not extend to garden variety claims of excusable neglect).  Therefore, any claims that might be considered beyond the purview of *Heck* would be barred

by the two-year statute of limitations and are subject to dismissal as frivolous.

IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The attached sheet contains important information regarding objections to the Report and Recommendation.  Should Plaintiff wish to make objections to this Report and Recommendation, this is Plaintiff's opportunity to show the Court why his claims are not barred by the decision in *Heck v. Humphrey*, *supra*, and/or are not barred by the two-year statute of limitations for §1983 claims.  *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003).

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 28th day of June, 2005.

                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE

11